SHIVERS, Judge.
The claimant in this workers’ compensation case appeals an order finding the employer/carrier (E/C) did not act in bad faith pursuant to section 440.34(3)(b), Florida Statutes, finding $1,224.61 to be a reasonable attorney’s fee, and ordering that that amount be paid by the claimant to her attorney. Claimant argues on appeal that the order, which was entered almost 13 months after the hearing on attorney’s fees, was “stale” and, as a result, contained several fundamental errors. We find only one of the five alleged errors warrants reversal.
The deputy commissioner in this case stated on the record at the 1986 hearing on attorney’s fees that the only issues to be decided were: (1) whether the carrier acted in bad faith in handling the claim, and (2) if so, what amount would constitute a reasonable fee to be paid by the E/C. The deputy specifically stated: “Now, that does not mean that you’re not entitled to a fee from your own client. That is another issue. I’m not taking up that issue today.” In his delayed order on attorney’s fees, however, the deputy stated: “Having determined there was no bad faith one must then determine the amount of attorney’s fees payable by the claimant to her lawyer....” (emphasis supplied) The order then proceeded for several pages to discuss the basis for the deputy’s determination of a reasonable fee, and concluded by ordering the claimant to pay her attorney a fee of $1,224.61. Since this determination went beyond the scope of the hearing as specifically delineated by the deputy, we reverse and remand for deletion of that portion of the order determining the reasonable amount of attorney’s fees and finding the claimant responsible for those fees.
We find that the remaining errors discussed in appellant’s brief were either corrected by the deputy commissioner in an amended order entered upon claimant’s motion for rehearing, or constituted harmless error.
Accordingly, we AFFIRM in part, REVERSE, and REMAND.
BOOTH and THOMPSON, JJ., concur.