PER CURIAM.
In this workers’ compensation case, Appellant/Claimant appeals an order of the Judge of Compensation Claims (JCC) denying permanent total disability (PTD) and PTD supplemental benefits on the ground Claimant had not proven the existence of a back injury due to repetitive trauma with a date of accident of January 26, 2004. We reverse the order, and remand for a new evidentiary hearing on the claims.
Claimant drove cement trucks for Tarmac America beginning in 1987, and began to have back pain following a work-related vehicular accident some time before 1990. In the 1990s, the pain worsened, and the Employer/Carrier (E/C) began providing medical care for Claimant’s back, including pain medication. On March 10, 2004, Claimant resigned from employment, for-the stated reason that the continuous medication dulled his senses and made it difficult for him to drive safely. The E/C continued to provide medical care for Claimant’s back.
In 2010, Claimant filed a petition for benefits (PFB) stating claims for PTD and PTD supplemental benefits from March 10, 2004, and continuing. While describing the accident as repetitive trauma to Claimant’s back[1] with a date of accident of January 26, 2004, the PFB did not raise compensability of the back condition as an issue, but instead assumed the E/C had accepted the accident as compensable.[2] The JCC ruled, however, that the Claimant had not established a repetitive trauma injury to his back, and denied the requested benefits on that basis.
On appeal, Claimant argues compensa-bility of the back injury was never at issue. We agree, and hold the JCC erred in making findings on matters outside the issues framed for the hearing. See, e.g., Jordan v. Martines Corp., 534 So.2d 806 (Fla. 1st DCA 1988) (holding that ruling beyond scope of hearing is fundamental error). Compensability of the back condition was neither put at issue by Claimant in the PFB or pretrial stipulation nor challenged by the E/C. Notably, the E/C’s provision of medical care for the back condition, in the absence of a subsequent denial of compensability within 120 days of the initial provision of care for this same condition, precludes any challenge to com-pensability of the condition. See § 440.20(4), Fla. Stat. (2004); Ch. 93-415, § 26, at 139, Laws of Fla. (creating section 440.20(4)).
Because the JCC’s analysis of Claimant’s entitlement to indemnity benefits stopped short of full consideration of the statutory requirements for such benefits, we remand for further fact finding and analysis. Because a new evidentiary hearing is warranted on remand, we need not address Claimant’s other issues on appeal, which are predicated on discovery or evi-dentiary issues that a new hearing will make moot.
REVERSED and REMANDED.
BENTON, C.J., CLARK, and MAKAR, JJ., concur.

. On January 22, 2004, Claimant fell from a ladder on the truck, and hurt his left knee. Claimant later added a claim for medical care for the 2004 knee injury. The parties have resolved this claim amicably.

. Claimant's expert, Dr. Ellowitz, opined the back injury was caused by years of bouncing up and down in the truck’s seat driving over uneven ground. The E/C’s expert, Dr. Lang, opined there was no causal connection.